Johnson, J.
There is no foundation for the first' grounds of this motion. 1 he proof of a breach of. the covenants contained in the agreement, on the part of the defendant and of damages, even beyond the amount of the penalty, is very satisfactory.
2nd. The question, whether the jury could, in any event give a verdict for interest, by way of damages, beyond the penalty contained in the agreement, is concluded by the case of Bonsal vs. Taylor, (1 M'Cord 503.) That was an *113 action on a bond conditioned for the payment of money, and although the report of that case is very concise, the opinion was founded on mature deliberation, and after a careful review of the authorities, and with reference to the practice of our courts; and if in a case of that description, where the damages can be ascertained with mathematical precision, the plaintiff was not entitled to recover beyond the penalty, it would follow for the same reasons, that he was not, in a case where they must for the most part be altogether conjectural. When parties are left free to contract they may make the law of their own contract, and if they stipulate about the damages, the interest, the delay and vexation which would result .Jrom the breach necessarily enters into the estimate. It is, indeed, impossible to conceive for what purpose a penalty was designed, unless it were to cover these injuries; and it is the plaintiffs folly or misfortune, if he has not stipulated for enough. The cases opposed to this view have not escaped the view of the court, and it will not be denied that there are some of high authority; but it will be seen that it is fully supported by the current of the English decisions which are collected and digested by Sergeant Williams, the very learned annotator of Saunders' Rep. and a review of these cases results iu the conclusion, that whatever damages the plaintiff may have actually sustained, in an action of debt, he can only recover mere nominal damages beyond the penalty; and such has . uniformly been the practice of our courts. (1 Saund. 58, a note 1. 6 Term Rep. 304. 6 Vesey 414-5. Statute 8 and 9. W. iii. ch. 2. s. 8) The case of Bonsai and Taylor, was perhaps the first in which the right to recover more was ever claimed. The motion for a new trial is, therefore, granted, unless the . plaintiff remits the interest or damages found by the jury . beyond the penalty of #1000, contained in the covenant.
Pepoon for the motion.
Grim.lce, contra.,